UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID H. PALMER,

                    Plaintiff,

                                            DECISION AND ORDER
    v.                                            07-CV-0519-A

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.
_____

## **INTRODUCTION**

        Plaintiff David H. Palmer commenced this action pursuant to 42 U.S.C. § 405(g), on August 7, 2007, seeking review of a final determination of the defendant, Michael J. Astrue, the Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's claim for disability insurance benefits under the Social Security Act. The plaintiff claims to be disabled as a result of various mental impairments, including anxiety and depression. The Commissioner moves for judgement on the pleadings on grounds that the decision of the administrative law judge ("ALJ") is correct and supported by substantial evidence. The plaintiff opposes the defendant's motion, and cross-moves for judgment on the pleadings.

        For the reasons stated herein, the Court finds that substantial evidence in the record supports the ALJ's determination that the plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the Commissioner's motion for judgment

on the pleadings is granted and the ALJ's determination is affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for Social Security disability insurance benefits on May 6, 2005, alleging disability since April 15, 2004. (Tr. 79-81). A hearing was held before ALJ Timothy M. McGuan on August 21, 2006, in which the plaintiff personally appeared. (Tr. 411-428). The ALJ evaluated the plaintiff's claim *de novo*, and on September 1, 2006, found that he was not disabled. (Tr. 12-31). On September 27, 2006, the plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 10-11). On June 8, 2007, the Appeals Council denied plaintiff's request for review and, thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7). Plaintiff commenced this action.

## BACKGROUND

The plaintiff was 49 years old at the time of his alleged onset date of disability and 51 years old at the time of the ALJ's decision. He has a high school education and previous work history as a tank car loader/repairman for 23 years. He alleges that his disability began in April 2004 due to an onset of depression, anxiety, drug and alcohol dependence, and short-term memory loss. (Tr. 95).

Since April 2004, the plaintiff has been diagnosed at various times with depressive disorder not otherwise specified (Tr. 342, 378), anxiety disorder not otherwise specified (Tr. 378), alcohol dependence (Tr. 200, 239, 304), opioid dependence (Tr. 239, 304), polysubstance abuse in remission (Tr. 342), and sedative

2

dependence. (Tr. 239, 304). He enrolled in various alcohol and drug treatment programs and has been sober since January 25, 2005, but he testified that the programs have been unsuccessful in relieving his mental impairments. (Tr. 417). He further testified that therapy specifically targeting his mental impairments has done "a lot of good." (Tr. 419). He takes Paxil to relieve his stress, anxiety and depression, as well as Trazodone to help him sleep. (Tr. 375-376).

On June 27, 2005, the plaintiff was consultatively examined by Dr. Thomas Ryan. (Tr. 339). Dr. Ryan noted that the plaintiff could follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, maintain a regular schedule, learn new tasks, make adequate decisions, and relate with others. (Tr. 341). Dr. Ryan opined that although the plaintiff may have difficulty with some complex tasks and dealing with stress, the results of his evaluation do not appear to be significant enough to interfere with the his ability to function on a daily basis. Id.

In August 2005, a medical consultant for the State Disability Determination Services ("DDS") reviewed the record, completed a Physical Residual Functional Capacity Assessment, and opined that the plaintiff had no physical limitations for work. (Tr. 351). Dr. Hillary Tzetzo, a review physician with DDS, reviewed the record, completed a Mental Physical Residual Functional Capacity Assessment, and opined that the plaintiff had moderate limitations in various mental functions needed for work. (Tr. 353-354).

In May 2006, the plaintiff's treating psychiatrist, Dr. Tanhehco, determined

that his depressive disorder prevented him from working in any capacity. (Tr. 386). The ALJ did not give Dr. Tanhehco's opinion controlling weight, however, because Dr. Tanhehco's assessment of the plaintiff was based on the plaintiff's subjective statements. (Tr. 27). Furthermore, his office notes suggested that the plaintiff was doing better, which was inconsistent with his statement that the plaintiff cannot work. Id.

The ALJ also found that the allegations and testimony of the plaintiff were not credible because of their inconsistencies throughout the record. (Tr. 27). For example, the ALJ noted that the plaintiff testified that he started using drugs and alcohol to relieve work-related stress, but the record indicates that he started drinking and doing drugs well before he began work and he continued to use after being fired. Id. Also, the ALJ noted the plaintiff's testimony that his medication made him drowsy, but Dr. Tanhehco's reports indicate that he denied any side effects on multiple occasions. (Tr. 28).

Since the ALJ did not give controlling weight to Dr. Tanhehco and found that the allegations and testimony of the plaintiff were not credible, he relied on the opinion of Dr. Ryan and determined that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff alleges that the ALJ erred by (1) not giving controlling weight to the plaintiff's treating psychiatrist; (2) discounting the plaintiff's credibility; and (3) not meeting his burden of proof that there is still gainful work in which the plaintiff can perform.

**DISCUSSION**

The Court must uphold the Commissioner's decision if it is free of legal error and based on substantial evidence. 42 U.S.C. § 405(g). The Supreme Court has defined the term "substantial evidence," in the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).

In order to establish a disability under the Act, the plaintiff has the burden of demonstrating (1) that he was unable to engage in substantial gainful activity by reason of a physical or mental impairment that could have been expected to last for a continuous period of at least twelve months, and (2) that the existence of such impairment was demonstrated by evidence supported by medically acceptable clinical and laboratory techniques. See 42 U.S.C. § 423(d). An individual can be found disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation for the adjudication of disability claims:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an

> impairment that is listed in Appendix 1 of the regulations. When the
> claimant has such an impairment, the Secretary will find the claimant
> disabled. However, if the claimant does not have a listed impairment, the
> Secretary must determine, under the fourth step, whether the claimant
> possesses the residual functional capacity to perform her past relevant
> work. Finally, if the claimant is unable to perform her past relevant work,
> the Secretary determines whether the claimant is capable of performing
> any other work.

See Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); 20 C.F.R § 404.1520. The burden is on the claimant at the first four steps of the evaluation. If the claimant establishes that he is not capable of performing his past relevant work, then the burden shifts to the Commissioner who must then determine whether the claimant is capable of performing other work which exists in significant numbers in the national economy. Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986).

Here, the ALJ applied the five-step analysis in reaching his disability determination. At the first step, the ALJ found that the plaintiff was not engaged in substantial gainful activity. (Tr. 17, 30). At step two, the ALJ determined that the plaintiff's drug and alcohol abuse, anxiety, and depressive disorders were severe impairments within the meaning of the Act. (Tr. 17-22, 30). At the third step, the ALJ found that from April 15, 2004 to January 25, 2005, the plaintiff's drug and alcohol abuse did meet Listing 12.09 of Appendix 1 of 20 C.F.R. Part 404, Subpart P. (Tr. 22, 28, 30). Thus, the ALJ concluded that during this time period, the plaintiff was disabled in light of his substance abuse. Id. However, the ALJ further determined that the plaintiff's substance abuse was a contributing factor material to a finding of disability and, therefore, the plaintiff was not entitled to receive disability benefits between April 15, 2004 and January 25, 2005 in accordance with 42 U.S.C. § 423 (d)(2)(C). Id. The

ALJ further found that the plaintiff's impairments absent drug and alcohol abuse, as well as after January 25, 2005 when the plaintiff became sober, did not meet or medically equal a listed impairment in Appendix 1. (Tr. 22, 30). Therefore, the ALJ proceeded to step four and found that the plaintiff's nonexertional impairments, depression and anxiety, would prevent him from returning to his past relevant work. (Tr. 28-29). Next, the ALJ moved to step five determined that the plaintiff's nonexertional impairments had "little or no effect on the occupational base of unskilled work at all exertional levels." (Tr. 29). Therefore, the ALJ applied Section 204 of 20 C.F.R. Pt 404, Subpt. P, App. 2 and determined that the plaintiff was not disabled. Id.

I.  **The Treating Physician Rule**

The plaintiff argues that the ALJ committed reversible error by failing to provide an adequate reason for rejecting the medical opinion of his treating psychiatrist, Dr. Tanhehco, as required by the regulations. The plaintiff claims that substantial evidence supports Dr. Tanhehco's opinion that due to the plaintiff's ongoing depression and anxiety, he is unable to engage in substantial gainful employment.

The Court finds that the ALJ properly refused to give the treating psychiatrist's opinion controlling weight. A medical opinion by a treating physician is to be accorded controlling weight only if it is well-supported and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 1527(d)(2); see also Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

Here, the ALJ carefully considered Dr. Tenhehco's opinion but ultimately determined that it was not entitled to controlling weight because it contradicted Dr.

Tenhehco's own progress notes. (Tr. 27; see Tr. 142, 152, 372-76). On May 9, 2006, Dr. Tenhehco concluded that the plaintiff "cannot work in any capacity due to ongoing depression and anxiety symptoms." (Tr. 386). This statement contradicts his progress notes on numerous occasions. For example, on November 15, 2005, Dr. Tenhehco's notes indicate that the plaintiff "said he has no major depression,...he is clear and coherent,...he is pleasant,...[and] he is not agitated." (Tr. 372). On March 9, 2006, Dr. Tenhehco notes that the plaintiff's "affect is bright" and "there is no major depression." (Tr. 374). On May 9, 2006, two days before Dr. Tanhehco states that the plaintiff cannot work due to depression, he notes that the plaintiff "said that he doesn't feel depressed" and "he denies any undue anxiety or worries." (Tr. 375).

Furthermore, Dr. Tenhehco's opinion is inconsistent with the weight of other medical evidence in the record. Notably, Dr. Tenhehco's opinion that the plaintiff cannot work contradicts Dr. Ryan's consulting medical examination on June 27, 2005. (Tr. 339-42). The examination revealed that the plaintiff was coherent and goal oriented. Id. Although he had some trouble dealing with stress, he could understand simple directions, perform simple tasks, maintain concentration, and maintain a regular schedule. Id. Dr. Ryan diagnosed the plaintiff with depressive disorder not otherwise specified, but opined that his psychiatric problems "[do] not appear to be significant enough to interfere with his ability to function on a daily basis." Id.

In light of the foregoing, the Court finds that the ALJ properly declined to accord Dr. Tenhehco's Determination that the plaintiff could not work controlling weight.

8

## II. The ALJ's Credibility Determination

The plaintiff next argues that the ALJ erred in finding that the plaintiff's testimony was "not totally credible" because it is not supported by substantial evidence. The plaintiff claims that the medical evidence of record provides a medical basis for his complaints and the ALJ should have given weight to the plaintiff's work record of over 20 years for the same employer.

The Court finds that the ALJ committed no error in finding that the plaintiff's allegations and testimony were not entirely credible. The Commissioner has the discretion to evaluate the credibility of a claimant's testimony and render an independent judgment in light of the medical findings and other evidence regarding the true extent of such symptomatology. See Mimms v. Secretary of Health and Human Services, 750 F.2d 180, 186 (2d Cir. 1984). The Court must uphold the ALJ's decision to discount a claimant's subjective complaints if the findings are supported by substantial evidence. See Aponte v. Secretary, Department of Health and Human Services of the United States. 728 F.2d 588, 591 (2d Cir. 1984). Furthermore, the ALJ is not required to mention every item of evidence or testimony if there is substantial evidence to support the his decision. See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983).

Here, there is substantial evidence to support the ALJ's finding that the plaintiff's hearing testimony was not fully credible. The ALJ noted that the plaintiff testified that his medication made him drowsy, but Dr. Tanhehco's reports indicate that he denied any side effects on multiple occasions. (Tr. 28, 423, 372-373, 375). Also, the

9

plaintiff's own testimony does not support his claim that he is unable to work due to anxiety and depression. He testified that his doctor had done him "a lot of good" and his medication relieved his stress, anxiety, and depression. (Tr. 419-420). He testified that his sleeping had improved. (Tr. 422). He is able to shop, clean, do laundry, attend AA meetings regularly, and golf. (Tr. 115-116, 421-422).

In light of the foregoing, the Court finds that the ALJ's determination that the plaintiff's testimony is "not totally credible" is supported by substantial evidence and therefore not reversible error.

### III. The Fifth Step Evaluation

Finally, the plaintiff argues that at the fifth step of the evaluation, the ALJ committed reversible error because he failed to consider the combination of the plaintiff's nonexertional impairments when determining his residual functional capacity ("RFC"). He further argues that the ALJ did not meet his burden of proof that there is gainful work in which the plaintiff can perform.

The Court finds that the ALJ made no error at the fifth step of the evaluation and properly evaluated the plaintiff's nonexertional limitations. Social Security Ruling 85-15, entitled <u>Titles II and XVI: Capacity to Do Other Work- The Medical-Vocational as a Framework for Evaluating Solely Nonexertional Impairments</u>, provides that:

> Where a person's only impairment is mental [and] is not of listing severity, but does prevent the person from meeting the mental demands of past relevant work . . ., the final consideration is whether the person can be expected to perform unskilled work. The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a

> sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.

SSR 85-15 at 3; see also Williams v. Commissioner of Social Sec., 462 F.Supp.2d 411, 414 (W.D.N.Y 2006). If the plaintiff's nonexertional limitations do not significantly compromise the plaintiff's ability to perform unskilled work at all exertional levels, a finding of not disabled is appropriate. See 20 C.F.R. Part 404, Subpart p, Appendix 2, § 204.00.

Here, substantial evidence supports the ALJ's finding that absent drugs and alcohol, the plaintiff would be able to perform work at all levels of exertion with nonexertional limitations that do not significantly erode his occupational job base of unskilled work at all relevant times. Dr. Ryan consultatively examined the plaintiff and opined that he could follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, maintain a regular schedule, learn new tasks, make adequate decisions, and relate with others. (Tr. 341). Dr. Ryan stated that although the plaintiff may have difficulty with some complex tasks and dealing with stress, it does not appear to be significant enough to interfere with the his ability to function on a daily basis. Id.

In addition, the state agency medical consultant, Dr. Tzetzo, reviewed the record and concluded that the plaintiff possessed the ability to understand, carry out, and remember simple instructions; use appropriate judgment to make simple, work-related decisions; respond appropriately to supervision, coworkers and work situations in a low-contact work setting; and deal with changes in a routine work setting. (Tr. 355).

Lastly, progress notes from the plaintiff's treating physician, Dr. Tanhehco, show that when the plaintiff was not drinking, he was functioning significantly better. (Tr. 142, 152, 372-376).

In light of the foregoing, the Court finds that substantial evidence supports the ALJ's determination that the absent drug and alcohol use, the plaintiff can perform a full range of unskilled work at all relevant times and is therefore not disabled.

## **CONCLUSION**

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 19, 2009